IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Case No. 18 CR 833 |
| | ) | |
| OMAR GARCIA | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

After a trial, a jury convicted Dr. Omar Garcia on six counts of health care fraud under 18 U.S.C. § 1347(a)(1). Garcia has moved for a judgment of acquittal or a new trial.

**1. Motion for judgment of acquittal**

In considering Garcia's motion for a judgment of acquittal, the Court asks whether "the evidence—viewed in the light most favorable to the prosecution—could support a rational finding of all the essential elements of the crime beyond a reasonable doubt." *United States v. Lee*, 937 F.3d 797, 808 (7th Cir. 2019). In this case, as the Court instructed the jury, the government was required to prove the following:

    1. There was a scheme to defraud Medicare as charged in the indictment.

    2. The defendant knowingly and willfully carried out that scheme.

    3. The defendant acted with the intent to defraud Medicare.

    4. The scheme involved a materially false or fraudulent pretense, representation, or promise.

    5. The scheme was in connection with the delivery of or payment for health care services.

Instructions to the Jury at 16.

The charges involved Garcia's alleged authorization of unnecessary allergy tests that were paid for by Medicare. In seeking a judgment of acquittal, Garcia relies on the fact that he did not order or prescribe the tests and contends that the evidence was insufficient on the questions of intent to defraud, making of misrepresentations, and awareness of the unlawfulness of his conduct (i.e. willfulness).

It appears to be true that others ordered the tests—specifically, nurse practitioners—but the government was not required to prove that Garcia prescribed the allergy tests in the first instance. Although the indictment charged that the defendant "prescribed and authorized" the tests, even though a charge is worded in the conjunctive, it may be proven in the disjunctive—in other words, if government establishes one of the acts charged, that is sufficient. *See, e.g., United States v. Jarrett*, 494 F. App'x 615, 619 (7th Cir. 2012); *United States v. Kincaid*, 571 F.3d 648, 555-56 (7th Cir. 2009). And the evidence unquestionably permitted a reasonable jury to find beyond a reasonable doubt that Garcia signed off on and thus authorized the tests after the fact, allowing them to be submitted to Medicare for payment under his NPI (national provider identifier) number. For this same reason, establishing the elements by proving Garcia's after-the-fact authorization of the charges did not constitute a constructive amendment of the indictment; the indictment specifically alleged that he had "authorized" the tests in question.

Second, in authorizing the tests, Garcia represented that they were medically necessary, which a reasonable jury could find they were not.

Third, there was sufficient evidence—though it was, perhaps, less than

overwhelming—that Garcia knew the tests were unnecessary. This came from, among other things, Garcia's statements during interviews with federal investigators, in which he stated that "I didn't think everybody needed the tests" and that "a lot of the tests [were] financial decisions" and the "motivation of course is money." The Court notes that there was evidence that defendant was paid based on a percentage of his Medicare billings, which gave him an obvious incentive to sign off on unnecessary tests to be billed under his NPI number.

Finally, a reasonable jury could infer from this and the other evidence offered by the government that Garcia knew that it was unlawful to falsely represent that tests for which he knew Medicare was being billed were medically necessary.

For these reasons, Garcia is not entitled to a judgment of acquittal.

**2.    Motion for new trial**

In seeking a new trial, Garcia reasserts, in conclusory fashion without argument, evidentiary objections he made before and during the trial. The Court reaffirms its rulings on these points. The Court also overrules Garcia's contention that the verdict was against the manifest weight of the evidence. The evidence, though not overwhelming as the Court has indicated, did not "preponderate[ ] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *United States v. Swan*, 486 F.3d 260, 266 (7th Cir. 2007).

The only additional point Garcia cites involves a juror who communicated with the Court by e-mail after the return of the verdict to indicate some hesitation with the outcome. The juror stated, among other things, that "[m]y sticking points were the extent to which he [Dr. Garcia] knew what was going on and also whether or not the

3

sign-offs on the documents he signed (the documents entitled 'Medical Notes') were actually Authorizations since the word 'Authorization' did not appear anywhere on those documents." The Court notes in this regard that the juror also said that if the indictment had alleged that Garcia "prescribed *or* authorized" unnecessary tests, the juror "would have had no issue." But as noted earlier, that is exactly what the indictment permitted by way of proof at trial—proof that Garcia *either* prescribed *or* authorized medically unnecessary testing. And the Court's instructions to the jury said this:

> In considering whether the government has proven a scheme to defraud Medicare, the government must prove beyond a reasonable doubt at least one of the false pretenses, representations, statements, promises, or acts charged in the part of the indictment describing the scheme. *The government is not required to prove all of them*.

Instructions to the Jury at 17.

That aside, Garcia cannot appropriately rely upon the juror's post-verdict communication to undo the verdict. This is made clear by Federal Rule of Evidence 606(b). The rule precludes reliance on a juror's statements regarding "any juror's mental processes concerning the verdict or indictment," Fed. R. Evid. 606(b)(1), except regarding extraneous information brought to the jury's attention, outside influences, or mistakes in entering the verdict on the verdict form, none of which is at issue here. *See id.* 606(b)(2).

For these reasons, Garcia is not entitled to a new trial.

## Conclusion

For the reasons stated above, the Court denies defendant Omar Garcia's motion for a judgment of acquittal [66] and his motion for a new trial [67] and also terminates the government's pretrial motion in limine [40], which was ruled upon at an earlier date. At the telephonic status hearing on June 23, 2020, the Court wishes to discuss with counsel the timing and logistics of the sentencing hearing and whether either party intends to call any

4

witnesses to testify.

Date: June 22, 2020

_____
MATTHEW F. KENNELLY
United States District Judge